Judge Pauley

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



UNDERPINNING & FOUNDATION
SKANSKA, INC.,

         Plaintiff,

    vs.

TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA,

         Defendant.

Docket No.

Civil Action

**COMPLAINT**



Plaintiff, Underpinning & Foundation Skanska, Inc. ("Underpinning"), by its attorneys, Peckar & Abramson, P.C., as and for its Complaint against the defendant, alleges as follows:

### Parties

1.    Underpinning was and is a corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business at 46-36 54th Road, Maspeth, New York.

2.    Upon information and belief, defendant Travelers Casualty & Surety Company of America ("Travelers") is a corporation duly organized and existing under the laws of the State of Connecticut with its principal place of business at One Tower Square, Hartford, Connecticut and is engaged in, inter alia, the business of providing surety bonds.

### Jurisdiction and Venue

3.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

4.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(a) because the construction work at issue was performed in New York, New York, and, thus, the events giving rise to plaintiff's claims herein occurred in this District; and because defendant's surety bond that is the subject of this complaint provides for venue in a court located where the work was performed; and because Travelers resides in this District under 28 U.S.C. § 1391(c).

### Facts

5.     Upon information and belief, prior to December 2, 2005, Urban Foundation/Engineering, LLC ("Urban Foundation") entered into an agreement to perform certain foundation and related work for the construction of a project known as 270 Greenwich Street, located in New York, New York ("the Project").

6.     On or about November 14, 2005, Travelers, as surety, and Urban Foundation, as principal, executed and delivered a Payment Bond, Bond No. 104584480 ("the Bond"), in the penal amount of $22,000,000.00 in connection with Urban Foundation's agreement to perform foundation and related work for the Project.

7.     On or about October 12, 2005, Urban Foundation entered into an agreement ("the Subcontract") with Underpinning, as subcontractor, pursuant to which Underpinning agreed to perform certain work, including the furnishing and installation of tapertube piles, in connection with Urban Foundation's foundation work for the Project.

8.     The price of the Subcontract was based upon a schedule of unit prices for various components of the work required by the Subcontract and a contingent lump sum item, with the final Subcontract sum dependant upon the actual quantities of items provided by

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

Underpinning and the meeting of the contingency for payment of the contingent lump sum item.

9.     Subsequently, Underpinning performed all of the work required by the Subcontract.

10.     The agreed price of the work required by the Subcontract and performed by Underpinning for the Project, as calculated in accordance with the schedule of prices for the Subcontract, is $2,876,000.00.

11.     In addition, Underpinning performed extra work for Urban Foundation in connection with the Project, for which Underpinning is entitled to additional compensation.

12.     The total reasonable value of and the total agreed price for the extra work performed by Underpinning for Urban Foundation in connection with the Project is $535,450.00.

13.     The work performed by Underpinning in connection with the Project was incorporated into the work performed by Urban Foundation for the Project.

14.     In breach of its obligations, Urban Foundation failed and refused to render payment in full to Underpinning for the work performed by Underpinning within the scope of the Subcontract and for the extra work that Underpinning performed for Urban Foundation in connection with the Project.

15.     The total billing by Underpinning to Urban Foundation for the work Underpinning performed within the scope of the Subcontract and the extra work in connection with the Project was $3,411,450.00.

16.    Against the total billing by Underpinning of $3,411,450.00, Urban Foundation issued payments to Underpinning totaling $1,961,492.50, leaving a balance due and owing by Urban Foundation to Underpinning in the sum of $1,449,957.50.

17.    In addition, Underpinning is entitled to compensation for the additional costs it incurred due to Urban Foundation's failure to provide access to the Project site and failure to prepare the Project site adequately for Underpinning's work and otherwise hampering and/or interfering with Underpinning's work.

18.    Underpinning is also entitled to interest under New York General Business Law § 756-b for the late payments made by Urban Foundation and for the payments that remain due and owing to Underpinning in connection with the Project.

19.    Pursuant to the terms of the Bond, Travelers promised, inter alia, to pay subcontractors of Urban Foundation for work performed in connection with the Project.

20.    As the payment bond surety to Urban Foundation for the Project, Travelers has an obligation to remit to Underpinning the aforementioned amount, compensation, and interest, which are due and owing.

21.    Underpinning has provided notice of its claim to Travelers and to the entity designated as the "Owner" in the Bond, as provided under section 4.1 of the Bond.

## COUNT I

22.    Underpinning repeats and realleges each and every allegation contained in paragraphs 1 through 21 as if fully set forth at length herein.

23.    By reason of the foregoing, Travelers is liable to Underpinning for the sum of $1,449,957.50 under the Bond for work within the scope of the Subcontract and for extra work performed by Underpinning in connection with the Project.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

240727.01/08/15/07                    4

## COUNT II

24.    Underpinning repeats and realleges each and every allegation contained in paragraphs 1 through 23 as if fully set forth at length herein.

25.    Urban Foundation failed to, inter alia, provide Underpinning with access to the Project site for Underpinning to perform its work efficiently.

26.    Urban Foundation failed to, inter alia, prepare the Project site adequately for Underpinning to perform its work efficiently.

27.    Underpinning's performance of its work was hampered by and/or interfered with by Urban Foundation.

28.    As a result, Urban Foundation further breached the Subcontract, resulting in additional costs to Underpinning.

29.    Underpinning has thereby been damaged in the sum of $256,357.00, for which Travelers is obligated to issue payment under the Bond.

## COUNT IIII

30.    Underpinning repeats and realleges each and every allegation contained in paragraphs 1-29 as if fully set forth herein.

31.    Pursuant to section 756-a of the New York General Business Law, Urban Foundation was obligated to pay Underpinning's requisitions on a timely basis, as defined in the statute.

32.    Urban Foundation failed to issue payments to Underpinning on a timely basis as provided by section 756-a of the New York General Business Law.

33.    Urban Foundation only paid certain of Underpinning's requisitions, either in whole or in part.

34.    Each and every payment that Urban Foundation did issue for Underpinning's requisitions was made beyond the statutory due date.

35.    By way of example, Underpinning sent its first four requisitions for payment to Urban Foundation on January 23, 2006, February 28, 2006, March 31, 2006, and April 30, 2006. Nevertheless, Urban Foundation did not issue its first payment to Underpinning until May 5, 2006. Moreover, although those requisitions totaled in excess of $500,000.00, Urban Foundation sent a payment to Underpinning on that date for only $94,212.00.

36.    By way of further example, Underpinning billed Urban Foundation $1,705,121.82 for work performed through May 31, 2006, yet Urban Foundation did not issue a second payment to Underpinning until June 27, 2006, and that payment was for only $151,924.50.

37.    Additionally, Urban Foundation has failed and refused to pay certain of Underpinning's requisitions.

38.    By reason of the foregoing, interest is due to Underpinning under section 756-b(1)(b) of the New York General Business Law in an amount to be determined, but estimated to exceed $205,000.00, for which Travelers is obligated to issue payment under the Bond.

WHEREFORE, plaintiff Underpinning & Foundation Skanska, Inc. hereby demands judgment against defendant Travelers Casualty & Surety Company of America as follows:

1.    Pursuant to Count I, in the sum of $1,449,957.50, together with interest, costs and disbursements and such other and further relief as this Court deems just and proper.

2.    Pursuant to Count II, in the sum of $256,357.00, together with interest, costs and disbursements and such other and further relief as this Court deems just and proper.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

3.    Pursuant to Count III, in a sum to be determined by the Court, but estimated to exceed $205,000.00, together with interest, costs and disbursements and such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 15, 2007

                                  PECKAR & ABRAMSON, P.C.
                                  Attorneys for Plaintiff Underpinning &
                                  Foundation Skanska, Inc.

                                  By:
                                      ALAN WINKLER (AW 3217)
                                  546 Fifth Avenue
                                  New York, New York 10036
                                  (212) 382-0909

LAW OFFICES

Peckar &
Abramson

A Professional Corporation